Eastern District of Kentucky
F I L E D
JAN 3 1 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| JOHN L. SMITH, | ) |
| | ) |
| Petitioner, | ) Civil No. 0:19-009-HRW |
| | ) |
| v. | ) |
| | ) |
| J.C. STREEVAL, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |
| | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

John L. Smith is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Smith's petition without prejudice.

In 2004, Smith was convicted of multiple federal crimes, including but not limited to conspiracy to possess with the intent to distribute cocaine, money laundering, attempted tax evasion, and filing a false income tax return. *See United States v. John L. Smith*, No. 1:03-cr-133 (N.D. Ill. 2004). The trial court then sentenced Smith to 292 months in prison, but it later reduced his sentence to 235 months in prison. *See id.* at D. E. Nos. 142, 178. Smith is currently projected to be

released from federal prison on November 21, 2021. *See* Bureau of Prisons (BOP) Inmate Locator, https://www.bop.gov/inmateloc/ (last visited January 30, 2019).

Smith has now filed a § 2241 petition with this Court. In that submission, Smith claims that, pursuant to the First Step Act of 2018, he is entitled to "immediate release to direct home confinement per the Elderly Home Detention Program that became effective on Jan. 1, 2019." [D. E. No. 1 at 6]. Smith asks this Court to order that he be "immediately released to direct home confinement" because he "meets or exceeds all criteria and requirements of the newly-enacted First Step Act." [*Id.* at 8].

The Court has conducted an initial screening of Smith's petition pursuant to 28 U.S.C. § 2243 and concludes that his request for relief must be denied without prejudice. That is because the United States Court of Appeals for the Sixth Circuit has made it clear that "federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Here, Smith acknowledges that he did not fully exhaust his administrative remedies before filing his petition. And while Smith claims that exhaustion would have been futile and cause him prejudice, he does not adequately explain why that would be the case. In fact, through the exhaustion process, the BOP can fully address Smith's claim and determine whether he is entitled to some sort of relief. Ultimately, if the BOP denies Smith's request for relief, he may file a § 2241 petition and, at that point, the Court

can review his claim with the benefit of a full administrative record. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (recognizing that a petitioner's failure to avail himself of the exhaustion process deprives reviewing courts of a full administrative record explaining the BOP's actions).

In light of the foregoing analysis, it is **ORDERED** as follows:

1. Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED** without prejudice.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 31 day of January, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge